**Roy E. SUAREZ, Plaintiff–Appellant,**

v.

**COOK COUNTY, ILLINOIS and David Orr, in his official capacity as Cook County Clerk, Defendants–Appellees.**

**No. 03–4115.**

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 2004.*

Decided April 30, 2004.

---

\* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Roy E. Suarez, Chicago, IL, pro se.

Gregory Vaci, Chicago, IL, for Defendants–Appellees.

Before HRIPPLE, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Roy Suarez was one of five people hired by the Cook County Clerk's Office in 1992 for a temporary voter-registration project. The program was substantially completed by June 1995, but the Clerk's Office wished to retain one of the five temporary employees through the November election. Under the terms of the 1994 collective bargaining agreement between the Clerk's Office and the employees' union, the choice was to be made based on seniority. Because all five employees were hired on the same day, seniority was determined (again under the terms of the agreement) by the lowest employee number. As it happened, one of the five employees, John Carson, had worked for the Clerk's Office some years earlier, and had kept his old employee number. His was therefore the lowest among the five, and he was the one the office retained.

Suarez then filed a discrimination charge with the Equal Employment Opportunity Commission and the Illinois Human Rights Commission, followed by a lawsuit in the district court. He alleged that the Clerk's Office had discriminated against him based on his age (over 70) and his national origin (Mexican), in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The district court granted summary judgment for the defendants, finding (in a careful and thorough memorandum opinion) that Suarez had neither made out a prima facie case of discrimination nor shown that the reason given for his termination was pretextual. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Cerutti v. BASF Corp., 349 F.3d 1055, 1061 (7th Cir.2003).

In his appellate brief, Suarez claims that he can both make out a prima facie case and show pretext, but he fails to explain how. Instead, he offers an irrelevant discussion of his union activities and an undocumented anecdote about a personnel officer calling him an "old smart aleck" during a discussion of whether he could work after undergoing hip surgery in 1993. He addresses the question of pretext more directly in his reply brief, arguing that the Clerk's Office incorrectly interpreted the seniority provision of the collective bargaining agreement–he suggests that Carson's old employee number is irrelevant to determining length of continuous employment and should have been ignored. But this shows only that the seniority provision may be ambiguous; it does not show that the defendant's interpretation was unreasonable, that it was made in bad faith, or that it was otherwise pretextual. See Jones v. Union Pacific R.R. Co., 302 F.3d 735, 743–44 (7th Cir.2002).

AFFIRMED.